# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTTA OGUNDIMO,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | 1:09-cv-00230 GSA<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR DEFAULT<br><br>(Doc. 14) |

Plaintiff filed this action on February 5, 2009. (Doc. 1.) On February 6, 2009, this Court granted Plaintiff's application to proceed in forma pauperis. (Doc. 4.) On that same date, this Court issued its Scheduling Order, and a Summons to Defendant. (Docs. 5 & 6.) Thereafter, Defendant received service of process on March 16, 2009. (Docs. 10 & 11.)

On August 14, 2009, Plaintiff filed a document entitled "Requesting a Motion for Hearing of Judgment of Default Against Respondent and Award for Benefits with Stipulations" wherein she seeks entry of judgment against Defendant for its purported failure to file a timely answer to her complaint. Plaintiff also asks this Court to award benefits, and to order that Defendant should never be permitted to "decrease, disallow, change benefits in any manner other than increase." (Doc. 14.)

Defendant has not failed to timely respond to Plaintiff's complaint. While this Court can understand Plaintiff's confusion with regard to the applicable deadline for Defendant's response, there is no reason to enter default or issue an order to show cause at this time.

As outlined in the Scheduling Order of February 6, 2009, Defendant had 120 days from the date it received service of process within which to file the administrative record. (*See* Doc. 12 at ¶ 2 ["Within one hundred twenty (120) days after service of the complaint, respondent shall serve a copy of the administrative record on appellant and file it with the court. *The filing of the administrative record shall be deemed an answer to the complaint*"], emphasis added.) Thus, because Defendant was served on March 16, 2009, when it lodged the administrative record with this Court on July 14, 2009, it did so in a timely fashion, and that action is deemed its answer to Plaintiff's complaint. (*Id.*) Thus, Defendant has not failed to timely respond to Plaintiff's complaint, nor will this Court enter judgment for Plaintiff and against Defendant.

**CAUTION:** Plaintiff is advised that she should review paragraph three of the Scheduling Order for it requires that "[w]ithin thirty (30) days after service of the administrative record, appellant[/Plaintiff] shall serve on respondent[/Defendant] a letter brief outlining the reasons why he/she contends that remand is warranted. The letter brief shall succinctly set forth the relevant issues and reasons fo the remand. The letter brief shall NOT be filed with the court and it shall be marked 'confidential.'" (Doc. 12, ¶ 3.) According to the Scheduling Order, Plaintiff was to serve her letter brief upon Defendant on or before August 13, 2009.

Additionally, on February 6, 2009, Plaintiff received the Order Re Consent or Request for Reassignment wherein all parties were ordered to "complete and return the enclosed Consent to Assignment or Request for Reassignment" form within ninety (90) days. (Doc. 12 at 5-6.) Consequently, the parties were to complete the form and file it with the Court no later than May 7, 2009. Plaintiff has failed to comply with the Order. Therefore, Plaintiff shall file the form within ten (10) days of service of this Order.

//

//

//

**CONCLUSION**

Plaintiff should refer to the Scheduling Order of February 6, 2009, for further information concerning due dates and deadlines as the Scheduling Order is specific to Social Security appeals and the procedures related thereto.

Plaintiff shall file a completed "Consent to Assignment or Request for Reassignment" form within ten (10) days of service of this Order.

IT IS SO ORDERED.

**Dated: August 18, 2009** /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE