# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTTA OGUNDIMO, | 1:09-cv-00230 GSA |
| Plaintiff, | **ORDER RE PLAINTIFF'S MOTION TO SUBMIT DOCUMENT ENTITLED "RESIDUAL CAPACITY QUESTIONNAIRE"** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | (Document 38) |
| Defendant. | |

On April 27, 2010, Plaintiff filed a motion requesting permission to file a "Residual Capacity Questionnaire" dated April 16, 2010. (Doc. 38.) Plaintiff's motion is **DENIED**.

The Court is currently in receipt of the record as it existed during the administrative proceedings previously held and from which Plaintiff has appealed. (Doc. 12 [Notice of Lodging administrative record in paper].) The Court will not consider new or additional evidence, not previously considered by the administrative law judge ("ALJ") and Social Security Appeals Council, absent Plaintiff establishing good cause. The standard for good cause is provided below:

Pursuant to the provisions of Title 42 of the United States Code section 405(g), as amended in 1980, a case may be remanded to the Secretary if new evidence submitted is material, and there is good cause for the failure to incorporate it into the record. In order to be "material," the new evidence must be probative of the claimant's condition as it existed during the relevant time period -- on or before the administrative hearing. *Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 511 (9th Cir. 1987). In addition, the claimant must prove to the reviewing court's satisfaction that there exists a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him." *Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380 (9th Cir. 1984). The good cause requirement is satisfied if the claimant could not have obtained the medical evidence at the time of the administrative proceeding, even though the evidence surfaces after the Secretary's final decision. *See Embry v. Bowen*, 849 F.2d 418, 423-24 (9th Cir. 1988); *Booz*, 734 F.2d at 1380.

However, a plaintiff may also fail to demonstrate good cause for not submitting the evidence earlier. Simply submitting a more favorable medical report obtained well after the ALJ's decision does not establish good cause. *Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990). Rather, the claimant must establish good cause for not seeking the expert's opinion prior to the denial of the claim. *Id.* Where a claimant believes that such evidence supports a claim for disability, the proper procedure for submitting the evidence is in the context of a new application for benefits. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).

Here, Plaintiff has not demonstrated good cause for filing additional documents at this time. She has not proven that there exists a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him." *Booz v. Secretary of Health and Human Services*, 734 F.2d at 1380. As noted in the previous paragraph, if Plaintiff believes this evidence supports a claim for disability, the proper procedure is to submit this evidence as part of a new application for Social Security benefits. *Harman v. Apfel*, 211 F.3d 1172 at 1180.

1  This matter has been fully briefed and is ready for this Court's determination. (Docs. 26, 32
2 & 37.) Given the Court's heavy caseload, and in particular the significant number of Social Security
3 appeals assigned and also ready for determination, Plaintiff is advised that this Court will reach the
4 merits of her claims in due course.

8  IT IS SO ORDERED.

9  Dated:   **April 29, 2010**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE